# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MASTER SERGEANT JOHNNY WHITE, Individually and as Personal Representative of the Estate of KYLIE ANDREWS, Deceased,<br><br>          Plaintiff,<br><br>vs.<br><br>JERRY LANCASTER; LANCASTER JR. RENTALS, L.L.C.; and PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>          Defendants. | Case No. CIV-15-296-M |

## ORDER

Before the Court is plaintiff's Motion to Remand, filed April 23, 2015. On May 14, 2015, defendant The Prudential Insurance Company of America ("Prudential") filed its response, and on May 21, 2015, plaintiff filed his reply. Based upon the parties' submissions, the Court makes its determination.

## I.    Introduction

Kylie Andrews was insured under the Family Servicemembers' Group Life Insurance ("FSGLI") program[1] as a dependent-child of her stepfather, plaintiff Master Sergeant Johnny White. The subject insurance policy provided for $10,000 in life insurance benefits in the event of Ms. Andrews' death. Ms. Andrews died during a house fire at the age of 19. Plaintiff made a demand upon Prudential for payment of the life insurance policy benefits in connection with the death of Ms. Andrews. Prudential denied plaintiff's claim.

---

[1] The FSGLI program is established under federal law, 38 U.S.C. §§ 1965-1980.

On February 18, 2015, plaintiff filed the instant action in the District Court of Grady County, State of Oklahoma. Plaintiff asserts two causes of action against Prudential – breach of contract and bad faith. On March 24, 2015, Prudential removed this case to this Court based on federal question jurisdiction. Plaintiff now moves this Court to remand this case back to state court.

II.     Discussion

The removal statute provides, in pertinent part:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Because it is undisputed that the parties in this case are not diverse in their citizenship, this Court has original jurisdiction only if this action raises a federal question, that is, if this action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In deciding whether an action arises under federal law, a court is guided generally by the "well-pleaded complaint" rule, which provides that "a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) (internal quotations and citation omitted).

> The plaintiff's anticipation of a defense based on federal law is not enough to make the case "arise under" federal law. Nor is a defendant's assertion of a defense based on federal law, such as the federal preemption of the state law on which a plaintiff's claim is based, a proper basis for removal, even if both parties agree that the only issue for decision in a case is the validity of a federal preemption defense. The plaintiff is the "master of the claim" and may prevent removal by choosing not to plead a federal claim even if one is available.

*Id.* (internal citations omitted).

2

In the case at bar, plaintiff alleges state law causes of action for breach of contract and bad faith. Thus, based upon the face of plaintiff's Petition, he is not alleging any claims that arise under federal law. Prudential, however, asserts that because plaintiff's claims involve FSGLI benefits, they arise under federal law. The Tenth Circuit has held that the Servicemembers' Group Life Insurance ("SGLI") statutes do not confer federal jurisdiction over a claim against a SGLI insurer.[2] *See Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1244-45 (10th Cir. 2001). This Court, therefore, finds it does not have jurisdiction over plaintiff's claims simply because they involve FSGLI benefits. Further, the Court finds the fact that Prudential is seeking to dismiss plaintiff's claims based upon federal preemption does not, by itself, make this case "arise under" federal law.

However, under the "artful pleading doctrine," a plaintiff cannot thwart federal court jurisdiction by simply pleading state law claims when federal questions are essential elements of his claims. *See Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1203 (10th Cir. 2012). To invoke federal question jurisdiction, Prudential must satisfy its burden and show that at least one of two recognized exceptions to the well-pleaded complaint rule is applicable: either that (1) plaintiff's state law claims are completely preempted or (2) there is a substantial, disputed federal law issue necessarily embedded in plaintiff's state law claims. *See id.* at 1203-04.

> [W]hen the [complete-preemption] doctrine is properly invoked, a complaint alleging only a state law cause of action may be removed to federal court on the theory that federal preemption makes the state law claim necessarily federal in character.

*Id.* at 1204 (internal quotations and citations omitted). Further,

---

[2]SGLI is a similar insurance program that provides life insurance for members of the armed service on active duty.

> [c]omplete preemption is a rare doctrine, one that represents an extraordinary pre-emptive power. The circumstances are so rare in fact that the Supreme Court has recognized complete preemption in only three areas: § 301 of the Labor Management Relations Act of 1947 ("LMRA"), § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), and actions for usury against national banks under the National Bank Act.

*Id.* at 1204-05 (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds Prudential has not shown that plaintiff's state law claims are "completely preempted." Specifically, the Court finds that this case is not one of those rare cases where the complete preemption doctrine applies. In fact, the Supreme Court has held that "the controlling provisions of the SGLIA prevail over and displace <u>inconsistent</u> state law," *Ridgway v. Ridgway*, 454 U.S. 46, 60 (1981) (emphasis added), not that the provisions of SGLIA prevail over and displace all state law in the area. Thus, the Court does not have federal question jurisdiction over this case based upon the complete preemption exception to the well-pleaded complaint rule.

> The Supreme Court, however, has recognized that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues. Under this theory, federal jurisdiction may attach where a state-law claim *necessarily raise[s]* a stated federal issue, *actually disputed and substantial*, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.
>
> In other words, to establish federal-question jurisdiction . . ., a state-law claim (1) must necessarily raise a federal claim that is both (2) actually disputed and (3) substantial; and (4) that may be resolved in a federal forum without disturbing the balance of federal and state judicial responsibilities. This formulation ensures that [t]he presence of a federal issue . . . is not necessarily a password opening federal courts to any state action embracing a point of federal law.

*Devon Energy*, 693 F.3d at 1208 (internal quotations and citations omitted) (emphasis in original).

Having carefully reviewed the parties' submissions, the Court finds Prudential has not shown that there is a substantial, disputed federal law issue necessarily embedded in plaintiff's state law claims.[3] In its response, Prudential sets forth absolutely no specific federal law issue that is substantial and disputed in this case. Prudential sets forth no language of any specific provision of the SGLIA under which plaintiff's state law claims must be adjudicated. Additionally, Prudential does not articulate how plaintiff's state law claims will require analysis of any specific federal law, statute or regulation. The Court, therefore, finds that it does not have federal question jurisdiction over this case based upon the substantial, disputed federal law issue exception to the well-pleaded complaint rule.

III.     Conclusion

Accordingly, based upon the reasons set forth above, the Court finds that it does not have jurisdiction, specifically federal question jurisdiction, over the instant action. The Court, therefore, GRANTS plaintiff's Motion to Remand [docket no. 9] and REMANDS this action back to the District Court of Grady County, State of Oklahoma.

**IT IS SO ORDERED this 13th day of November, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3]The Court would note that federal question jurisdiction over the vast majority of cases involving SGLI/FSGLI benefits is based on a finding that the state law claims necessarily raise a federal claim that is both actually disputed and substantial.